Dolores K. DEARY and Harvey London, individually and on behalf of all other similarly situated, Plaintiffs,

v.

GUARDIAN LOAN COMPANY, INC., Chase Manhattan Bank, N. A., Mullooly, Jeffrey, Rooney & Flynn, Citibank N. A., European–American Bank, Chemical Bank, Sennet & Krumoltz, Lawrence H. Cooke, Chief Judge and the New York Court of Appeals, the Administrative Board of the New York Courts and Herbert B. Evans, Chief Administrative Judge of the United Court System of New York, Muriel Siebert, Superintendent of Banks, Defendants.

No. 80 Civ. 1976.

United States District Court,
S. D. New York.

Sept. 29, 1980.

Toby Golick, Legal Services for the Elderly, New York City, John C. Gray, Jr., Brooklyn Legal Services, Brooklyn, N. Y., for plaintiffs; Jane G. Stevens, Samuel Lieberman, Brooklyn, N. Y., of counsel.

John B. Wynne, New York City, for defendant Chemical Bank; Harold Weisblatt, New York City, of counsel.

LASKER, District Judge.

Chemical Bank moves to dismiss the complaint against it on the grounds that there is no "case or controversy" between any plaintiff and Chemical Bank and that consequently the plaintiffs have not stated a claim upon which relief can be granted.

Plaintiffs are judgment debtors who have deposited property with the defendant banks which they claim is exempt from execution and restraint by virtue of various state and federal laws. Plaintiffs challenge § 5222 of the New York Civil Practice Law and Rules insofar as it enables a judgment creditor's attorney effectively to freeze this property without providing the judgment debtor notice of, or an opportunity to challenge, the action prior to the restraint. Under § 5222, a judgment creditor's attorney, acting as officer of the court, may issue a restraining notice and serve it upon any person except the judgment debtor's employer; this restraining notice has the effect of freezing the debtor's assets which such person may hold (up to twice the amount of the judgment). N.Y.Civ.Prac. Law, § 5222 (McKinney's 1978). Plaintiffs claim that § 5222 violates both the due process clause of the Constitution and the particular statutes which they claim make their property exempt from such restraint.

Several of the defendants are banks, who allegedly honored restraining notices directed at plaintiffs' accounts. Others are banks who, as judgment creditors, allegedly obtained restraining notices under the § 5222 procedure. Plaintiffs do not claim, however, that Chemical Bank either honored or obtained such restraining notices with respect to plaintiffs' accounts. Rather, plaintiff Harvey London alleges that another defendant, Citibank, N.A., obtained a judgment against him and followed the § 5222 procedure to restrain exempt property which London had on deposit with defendant European–American Bank. London later opened a checking account with Chemical Bank and advised Chemical Bank that the funds in the account were and would continue to be exempt since London's sole income is Social Security benefits and teachers retirement benefits. London requested that Chemical Bank not honor any restraining notice with respect to the account and inform him of any attempt to restrain the funds. Chemical Bank allegedly refused to comply with this request, informing London that he would have to close his account or withdraw his request.

Chemical Bank contends that, since it has neither honored nor obtained a restraining notice with respect to London's account, London has not been injured in fact by Chemical Bank's actions and therefore has no standing to sue it. Under the test enunciated in *Data Processing Service v. Camp*, 397 U.S. 150, 151–154, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184 (1970), a plaintiff must be injured in fact by the challenged action and must be within the zone of interests protected by the statute or constitutional guarantee in question to have standing to sue under Article III. It is clear, however, that the injury in fact requirement does not mean that the plaintiff must wait for the threatened injury to occur before invoking the jurisdiction of the federal courts. The plaintiff may seek preventive relief from the threat of impending harm. *Pennsylvania v. West Virginia*, 262 U.S. 553, 593, 43 S.Ct. 658, 663–664, 67 L.Ed. 1117 (1923). In such cases, the "plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement," *Babbitt v. United Farm*

*Workers Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979) citing *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). *See also Evans v. Lynn*, 537 F.2d 571, 591 (2d Cir. 1976) (en banc), *cert. denied sub nom. Evans v. Hills*, 429 U.S. 1066, 97 S.Ct. 797, 50 L.Ed.2d 784 (1977).

In the case at bar, London has demonstrated a realistic danger that he will sustain a direct injury as a result of the statute's operation. Defendant Citibank, N.A. has an outstanding judgment against him. It has already used the challenged § 5222 procedure to restrain London's allegedly exempt funds which were held at the European–American Bank. That property was insufficient to satisfy Citibank's judgment. And London claims that Chemical Bank has refused to comply with his request that it not honor any restraining notice and that it inform him of any attempt to restrain his account. Clearly, the risk that London's account at Chemical Bank will be restrained is not speculative. Under the present circumstances, there is both an unsatisfied judgment creditor which has shown its willingness to use the § 5222 procedure and a bank which refuses to take any action to prevent the allegedly illegal and impending restraint. There is a definite and concrete dispute between London and Chemical Bank over whether Chemical Bank has a duty to refuse to honor such restraining notices or to notify London of such attempts to restrain his account. *Cf. Babbitt, supra* at 298, 99 S.Ct. at 2308–2309. Thus, plaintiff has stated a "case or controversy" sufficient to invoke federal court jurisdiction.

Accordingly, Chemical Bank's motion to dismiss the complaint for failure to state a "case or controversy" under Article III is denied. For the same reasons, its motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied.

It is so ordered.